```
                IN THE UNITED STATES DISTRICT COURT
                FOR THE NORTHERN DISTRICT OF TEXAS
                          DALLAS DIVISION

AT&T CORPORATION,                §
                                 §
               Plaintiff,        §
                                 §   Civil Action No. 3:03-CV-1954-D
VS.                              §
                                 §
THE VIALINK COMPANY,             §
                                 §
               Defendant.        §
```

MEMORANDUM OPINION
AND ORDER

Plaintiff AT&T Corporation ("AT&T") sues defendant The viaLink Company ("viaLink")[1] to recover money owed for interstate telecommunications services purportedly provided pursuant to a tariff filed under the Communications Act of 1934, 47 U.S.C. § 201 *et seq.*, breach of contract, claim on account, and unjust enrichment. AT&T moves for summary judgment, and the court grants the motion in part and denies it in part.

I

In January 2001 viaLink entered into a contractual relationship with AT&T whereby AT&T was to provide telecommunications services to viaLink pursuant to AT&T Contract Tariff No. 14783.[2] The services were provided under AT&T account

---

[1] ViaLink has merged with Prescient Applied Intelligence, Inc.

[2] The factual background underlying this litigation is sparsely recounted in the briefing. To the extent the parties point to relevant facts, the court recounts them in a light favorable to viaLink as the summary judgment nonmovant and draws all reasonable inferences in its favor. *See, e.g., Clift v. Clift*, 210 F.3d 268, 270 (5th Cir. 2000).

numbers 8002 101 7662 ("7662") and 2101 3581 0093. ViaLink's accounts became delinquent soon after the contract was signed. ViaLink contends, however, that the delinquency occurred in part because AT&T's billing rates, tax charges, and surcharges fluctuated dramatically. In July 2001 viaLink complained that the amount invoiced on account number 7662 was incorrect.[3] An AT&T audit revealed that the circuits provided were not properly

---

[3]AT&T objects to the affidavit of Leif E. Swedlow, Esquire ("Swedlow"), Assistant General Counsel of viaLink, and a document the parties refer to as an audit of account number 7662. The court overrules the objection to the audit because AT&T uses it in support of its motion for summary judgment. *See Barrow v. Greenville Indep. Sch. Dist.*, 2005 WL 39086, at *3 n.5 (N.D. Tex. Jan. 7, 2005) (Fitzwater, J.) (overruling objection to summary judgment evidence where party objecting to evidence also employed it in support of its argument).

AT&T interposes several objections to Swedlow's affidavit. It contends that the affidavit is hearsay; there has been no predicate laid for Swedlow's opinions and conclusions regarding the various charges included in the AT&T invoices; Swedlow has neither shown his expertise in calculating the charges he questions nor does he point to any portions of the contract or tariffs for factual support; merely claiming AT&T has not provided evidence or explanation for its charges is not summary judgment evidence; Swedlow confuses fixed rates as having the same meaning as stabilized rates; he is not a disinterested witness but is an advocate for viaLink; and his audit was not prepared in the ordinary course of business but was emailed to viaLink after the contract ended and Swedlow began negotiating with AT&T and other vendors in an attempt to settle its debts.

The court overrules the objections. AT&T does not specify which parts of the affidavit it contends is hearsay, and the court concludes that it does not constitute hearsay generally. Swedlow avers that his testimony is based on his personal knowledge. D. App. 1. His opinions and conclusions do not constitute expert testimony that requires a foundation in addition to the fact that they are within his personal knowledge. Nor do any of the other objections render the evidence inadmissible. Insofar as the objections affect the weight of his testimony, that is a question for the trier of fact, not the court at the summary judgment stage.

configured. In September 2001 AT&T threatened to terminate its service, but the parties agreed to a "workout plan," whereby viaLink would make payments toward resolving its delinquency and AT&T would waive all late fees and interest assigned to the delinquent account.

ViaLink later discovered that one of the four circuits that AT&T was supposed to provide was not functioning, and it appeared that it had not been operative at any point during the contract term. Meanwhile, billing issues persisted. In August 2002 Leif E. Swedlow, Esquire ("Swedlow"), Assistant General Counsel of viaLink, spoke with an AT&T representative to discuss the billing problems and the malfunction of one of the circuits. AT&T agreed to put a minimum of $50,000 of the account balance due at that time into "dispute" status and have someone with greater technical knowledge of the issue contact viaLink. In October 2002 Swedlow faxed a complaint to AT&T explaining the billing problems and the failure of one of the circuits. AT&T discontinued two of the three operational circuits later that month. The parties apparently terminated their relationship at the end of the initial contract term in January 2003.

After negotiations to resolve the billing dispute failed, AT&T brought suit to recover payments it alleges are due under the terms of the contract tariff. AT&T also asserts causes of action for breach of contract, claim on account, and unjust enrichment.

II

AT&T contends it is entitled to summary judgment for amounts due under the filed tariff. Because AT&T will bear the burden of proving this claim at trial, to be entitled to summary judgment, it "must establish 'beyond peradventure all of the essential elements of the claim[.]'" *Bank One, Tex., N.A. v. Prudential Ins. Co. of Am.*, 878 F. Supp. 943, 962 (N.D. Tex. 1995) (Fitzwater, J.) (quoting *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1194 (5th Cir. 1986)).

A

AT&T asserts that it is entitled to summary judgment because viaLink acknowledges that it owes AT&T money and disputes only the amount. The court agrees that AT&T is entitled to summary judgment as to liability. ViaLink does not assert in its brief that it owes AT&T nothing. It instead acknowledges that it continues to owe AT&T for the services provided under the terms of the contract tariff. *See* D. Br. at 5 ("The actual amount that viaLink may owe AT&T is less than $25,000.00."); *id.* at 8 ("As of November 21, 2002, the amount owed to AT&T was less than $21,000.00."). Moreover, Swedlow testified in his deposition as viaLink's corporate representative, acknowledging that viaLink disputes the amount owed but not the fact that it is indebted to AT&T in some amount. *See* P. App. 49.

Because viaLink acknowledges that it owes AT&T an amount for

- 4 -

unpaid telecommunications services, the court concludes that AT&T is entitled to summary judgment as to liability on its claim for amounts due under the contract tariff.

B

AT&T also argues that it is entitled to summary judgment on damages in the amount of $86,385.32 plus 1.5% prejudgment interest and $17,277.00 in attorney's fees.

ViaLink contends the amount AT&T requests is incorrect for several reasons. One basis for viaLink's opposition is that an unspecified portion of the amount was charged to viaLink for the inoperative circuit. AT&T invokes ¶ 2.6.3 of AT&T FCC Tariffs No. 9 and 11. The relevant provision of Tariff No. 9 states:

> [i]f a Customer does not provide the Company with written notice of a dispute with respect to private line service charges within six months from the date the bill was first presented to the Customer for payment, such charges shall be deemed to be correct and binding on the Customer.

P. App. 39.[4] Based on these provisions, AT&T asserts that viaLink had notice of the inoperative circuit but failed to dispute charges for the circuit within six months.[5] ViaLink contends the tariff

---

[4]The relevant part of Tariff No. 11 is the same, except that "local service channel" appears in place of "private line service." *See* P. App. 41.

[5]A general theme of AT&T's motion is that viaLink was more interested in attempting to reduce its financial obligations with its vendors than to resolve service problems. *See, e.g.,* P. Rep. Br. at 5. Assuming that AT&T can establish this premise at trial, the trier of fact may consider it in deciding the factual disputes

provision is inapplicable because the contract tariff service order noted that the applicable services had been detariffed. The language viaLink relies on, however, does not preclude application of the AT&T tariffs. The contract tariff service order indicates that "[t]he domestic interstate services portion of the [contract tariff] ordered hereunder has been detariffed, and the contract between the parties shall consist of the Master Agreement and the relevant portions of the Contract Tariff ("CT") *and referenced AT&T tariffs* ("Applicable Tariffs")[.]" D. App. 10 (emphasis added). The contract tariff expressly incorporated the rates and regulations of AT&T FCC Tariffs Nos. 9 and 11. *See* D. App. 14, 16. ViaLink's argument that the tariffs' terms have no effect on its contractual relationship with A&T is therefore unavailing.

AT&T supports its damages calculation by pointing to summary charts showing monthly charges, payments, credit, debits, and account balances for the two accounts viaLink maintained. *See* P. App. 43, 45. Although viaLink acknowledges that summary charts are admissible under Fed. R. Evid. 1006, it contends that AT&T's summary of billing records is insufficient to warrant summary judgment because it fails to detail the underlying records and is hearsay.

"In order for a summary of data to be admissible pursuant to Rule 1006, '[the] proponent of [the] summary must show that (1) the

---

that remain concerning AT&T's entitlement to damages.

- 6 -

underlying materials on which [the] summary was based are admissible, and (2) underlying documents were made available to [the] opposing party for inspection prior to their introduction.'" *Gibson v. County of Riverside*, 181 F.Supp.2d 1057, 1066 (C.D. Cal. 2002) (quoting *United States v. Miller*, 771 F.2d 1219, 1238 (9th Cir. 1985)); *see also Love v. Nat'l Med. Enters.*, 230 F.3d 765, 776 (5th Cir. 2000) (noting that evidence can be presented in summary form, "*provided* that the documents on which it is based are 'made available for examination or copying, or both'" (quoting Rule 1006)). AT&T has not satisfied these requirements. Although its records custodian includes in her affidavit the required elements to establish the business records exception of Rule 803(6), she does so with respect to the documents in AT&T's summary judgment appendix. *See* P. App. 1 (referring to "[t]he attached records"). Included in the appendix are the summary charts, *see id.* at 43,45, meaning that the records custodian's testimony establishes that *the summaries themselves* are not hearsay, but not that *the underlying documents* that are summarized are not hearsay. Moreover, AT&T has not established that it has made available to viaLink for inspection and copying all the documents that underly the summaries. The court therefore declines to consider the summaries in addressing AT&T's motion.

AT&T points to viaLink's audit of account number 7662 to argue that it can establish its damages without resort to the summaries.

According to AT&T, viaLink admits via the audit form that $66,686.35 of the total amount demanded represents charges for the inoperative circuit. It further contends that viaLink waived any errors in these charges because it failed to dispute the charges within six months, as required under the tariffs and that adding $20,000 for the amount viaLink acknowledges it owes results in an indebtedness of $86,686.35. Even assuming *arguendo* that AT&T is entitled to charge viaLink for the inoperative circuit based on the six-month dispute provision of the tariff, AT&T's argument fails. ViaLink has adduced evidence that it submitted a written dispute of the charges for the inoperative circuit on October 9, 2002. According to the tariff provision that requires the customer to dispute invoiced charges within six months of receiving the invoice, this notice would effectively place into dispute charges for the inoperative circuit at least as far back as the May 1, 2002 invoice. Therefore, charges for the inoperative circuit from May 2002 until the end of the contract term would have been properly disputed and not subject to the six-month dispute waiver provision. While viaLink may be liable for some charges because it did not timely dispute them, the court cannot decide beyond peradventure at the summary judgment stage the amount that viaLink owes.

Accordingly, the court concludes that AT&T has not established beyond peradventure that viaLink owes $86,385.32 plus 1.5%

prejudgment interest and $17,277.00 in attorney's fees.[6]

III

The court next addresses AT&T's claims for breach of contract and claim on account.  These claims are considered together because viaLink asserts the same basis for opposing summary judgment on each.

To obtain summary judgment on its breach of contract claim, AT&T must prove that (1) a contract existed, (2) AT&T performed or tendered performance of its obligations under the contract, (3) viaLink breached the contract, and (4) AT&T incurred damages as a result of the breach.  *See Lewis v. Bank of Am. NA*, 343 F.3d 540, 545 (5th Cir. 2003) (listing elements of breach of contract under Texas law), *cert. denied*, 540 U.S. 1213 (2004).[7]  To succeed on its cause of action on account, AT&T must establish that (1) there was a sale and delivery of merchandise or performance of services, (2) the amount of the account is just (i.e., that the prices charged were in accordance with the agreement), and (3) the amount is unpaid.  *See Worley v. Butler*, 809 S.W.2d 242, 245 (Tex. App. 1990,

---

[6]Because the court concludes that AT&T has not established its damages, it need not consider viaLink's argument that AT&T waived its right to recover late fees and interest.

[7]The Master Agreement that the parties entered on January 11, 2001 provides that New York law applies to issues concerning construction, interpretation, and performance of the agreement. *See* D. App. 9.  Both parties, however, cite Texas authority in discussing the state-law claims.  The court therefore presumes that the choice-of-law provision contained in the Master Agreement is inapplicable to the instant issues.

no writ). ViaLink has not responded to AT&T's contention that it has established the elements of these claims. It instead contends that its affirmative defense of failure of consideration precludes summary judgment. AT&T does not address this defense in its reply.

"The defense of failure of consideration defeats summary judgment if the nonmovant presents evidence that it did not receive the consideration set forth in the agreement." *Bassett v. Am. Nat'l Bank*, 145 S.W.3d 692, 696 (Tex. App. 2004, no pet.) (citing *Parker v. Dodge*, 98 S.W.3d 297, 301 (Tex. App. 2003, no pet.)). ViaLink has adduced evidence that AT&T failed to provide four circuits, as required by their agreement. *See* D. App. 2. The court concludes that there is a genuine issue of material fact whether the consideration provided by AT&T failed. The court therefore denies AT&T's motion as to these claims. *Cf. Manges v. Astra Bar, Inc.*, 596 S.W.2d 605, 611-12 (Tex. App. 1980, writ ref'd n.r.e.) (holding that party could not avoid summary judgment based on affirmative defense of partial failure of consideration where he presented no evidence that he did not receive some of the consideration given or that it failed to meet standards prescribed by agreement).

IV

The court next considers AT&T's claim for unjust enrichment. ViaLink does not address this claim in its response. Summary judgment for AT&T is precluded, however, by the court's grant of

summary judgment in its favor as to liability on the claim for unpaid charges for telecommunications services. "As a general rule, a plaintiff who seeks to recover the reasonable value of services rendered . . . will be permitted to recover in quantum meruit only when there is no express contract covering those services[.]" *Truly v. Austin*, 744 S.W.2d 934, 936 (Tex. 1988). AT&T has established that the written contract tariff covers the services at issue. Accordingly, the court denies AT&T's motion with respect to its unjust enrichment claim.

\*     \*     \*

For the foregoing reasons, the court concludes that AT&T is entitled to summary judgment that viaLink is liable for unpaid amounts due pursuant to the contract tariff and grants AT&T's March 31, 2005 motion to that extent. The court denies the motion in all other respects.[8]

**SO ORDERED.**

August 18, 2005.

_____
SIDNEY A. FITZWATER
UNITED STATES DISTRICT JUDGE

---

[8]The court denies as moot AT&T's May 4, 2005 motion for leave to file supplemental appendix. Consideration of the evidence adduced in the supplemental appendix would not alter the court's decision or reasoning.